UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM T. DOCKERY, <br><br> Plaintiff, <br><br> v. <br><br> MEDICREDIT, INC., EXPERIAN INFORMATION SOLUTIONS, INC., and ROCKWALL REGIONAL HOSPITAL, LLC d/b/a TEXAS HEALTH PRESBYTERIAN HOSPITAL ROCKWALL, <br><br> Defendants. | Case No. 3:19-cv-01777-G |

## FIRST AMENDED COMPLAINT

NOW comes WILLIAM T. DOCKERY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MEDICREDIT, INC. ("Medicredit"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and ROCKWALL REGIONAL HOSPITAL, LLC d/b/a TEXAS HEALTH PRESBYTERIAN HOSPITAL ROCKWALL ("Rockwall") (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Medicredit's and Experian's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, Medicredit's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, and Rockwall's violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*

1

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA and FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18-years-of-age residing in Dallas County, Texas, which is located within the Northern District of Texas.

5. Medicredit is a collection agency focused exclusively on medical and healthcare debts with its headquarters located in St. Louis, Missouri. Medicredit's registered agent is located at 1999 Bryan Street, Suite 900, Dallas, Texas. Medicredit uses the mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Medicredit is also a furnisher of credit information to the major credit reporting agencies, including Experian.

6. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Texas.

7. Rockwall offers medical services, and is engaged in collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers, including consumers located in the State of Texas.  Rockwall is organized under the laws of the State of Texas and is registered at 1601 Elm Street, Suite 4600, Dallas, Texas.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(1) and Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSE OF ACTION

10. Throughout the past ten years, Plaintiff has visited Rockwall numerous times to obtain medical treatment.

11. Every time Plaintiff had received treatment from Rockwall, Rockwall would customarily bill Plaintiff's primary and secondary insurance providers.

12. A handful of years ago, Plaintiff returned to Rockwall to receive medical services, however, during that visit, Rockwall failed to bill Plaintiff's insurance providers, causing Plaintiff to incur a balance of $320.00 ("subject debt").

13. Plaintiff did not have any knowledge of the outstanding balance, as for approximately 2 years, Plaintiff never received any notice from Rockwall regarding the subject debt.

14. However, in 2018, Plaintiff received a collection notice from Medicredit, who was seeking to collect upon the subject debt.

15. Upon information and belief, Medicredit was attempting to collect upon the subject debt on behalf of Rockwall.

16. Plaintiff was perplexed by the collection notice, as Rockwall informed Medicredit that the subject debt was incurred in December 2017, which was an impossibility given that Plaintiff's father was battling with cancer during this time, and Plaintiff was at his father's bedside throughout that period.

17. Upon receiving the collection notice, Plaintiff spoke with Medicredit, who informed Plaintiff that if he made a $320 payment, then Medicredit would remove the subject debt from Plaintiff's credit file.

18. Accordingly, Plaintiff remitted a $320 payment to Medicredit.

19. In spite of Medicredit's assurance that the subject debt would be removed from Plaintiff's credit file, Plaintiff subsequently accessed his Experian report, and much to his dismay, not only was the subject debt not removed, but it was also being reported as "included in or discharged through bankruptcy chapter 13."

20. Plaintiff was taken aback by this notation, as he has never filed bankruptcy.

21. As a result, Plaintiff contacted Medicredit and disputed the inaccurate information, but Medicredit failed to remedy the egregious error.

22. On or about June 23, 2019, Plaintiff initiated an online dispute with Experian, informing it of the blatant inaccuracy on his credit report.

23. Upon information and belief, Medicredit received notice of Plaintiff's online disputes within five days of Plaintiff initiating the online dispute with Experian. *See* 15 U.S. Code §1681i(a)(2).

24. On or July 1, 2019, Experian responded by failing to reasonably investigate Plaintiff's credit dispute. Specifically, Experian informed Plaintiff that the subject debt was being reported accurately, as seen below:



25. On July 7, 2019, Experian provided Plaintiff with an updated credit report, in which Defendants once again failed to correct the erroneous information, reflecting the following:

26. Plaintiff became highly distressed upon seeing the payment status of the subject debt still being reported as "included in or discharged through bankruptcy chapter 13," as Plaintiff has never filed bankruptcy.

27. Of the three major CRAs, Experian is the only agency that has notated the subject debt as discharged through bankruptcy.

28. Despite having actual knowledge that Plaintiff never filed bankruptcy, as well as after receiving Plaintiff's disputes, Defendants continued to incorrectly report the subject debt.

29. Any reasonable investigation engaged in by Defendants would and should have revealed the blatant inaccuracies reflected on Plaintiff's credit report.

30. The reporting of the Medicredit trade line is patently inaccurate and materially misleading, as not only did Plaintiff pay off the subject debt, but he also never filed for bankruptcy.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

31. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has filed bankruptcy and that he cannot honor his financial obligations, and is thus a high-risk consumer.

32. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

33. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including specifically, the loss of credit opportunity, decreased credit score, certified mail

expenses, frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

34. Defendants' mistakes and erroneous bankruptcy notation on Plaintiff's credit file has also been the sole cause of Plaintiff being denied credit from a handful of financial institutions.

35. For example, American Express informed Plaintiff that, "We cannot approve your application at this time for the following reasons: Information received from Experian consumer reporting agency (see below). The factors provided by the consumer reporting agency that affected our decision are: Bankruptcy."

36. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his Experian credit file.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST MEDICREDIT)

37. Plaintiff restates and reallages paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

39. Medicredit is a "person" as defined by 15 U.S.C. §1681a(b).

40. Medicredit is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

41. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

42. Medicredit violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiff.

43. Medicredit violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

44. Had Medicredit reviewed the information provided by Experian and Plaintiff, it would have corrected the inaccurate designation of the subject debt, and transmitted the correct information to Experian. Instead, Medicredit wrongfully and erroneously confirmed that the subject debt was discharged through Chapter 13 Bankruptcy, when in fact, Plaintiff had never filed bankruptcy.

45. Medicredit violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Experian.

46. Medicredit violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject debt.

47. Medicredit violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Experian credit files.

48. Medicredit failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Experian credit files within 30 days of receiving notice of the disputes from Experian under 15 U.S.C. §1681i(a)(1).

49. Despite the blatantly obvious errors in Plaintiff's Experian credit files, and Plaintiff's efforts to correct the errors, Medicredit did not correct the errors or trade line to report accurately. Instead, Medicredit wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's disputes.

50. A reasonable investigation by Medicredit would have confirmed that Plaintiff never filed bankruptcy, yet the inaccurate information remains in Plaintiff's Experian credit files.

51. Had Medicredit taken steps to investigate Plaintiff's valid dispute or Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

52. By deviating from the standards established by the debt collection industry and the FCRA, Medicredit acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

WHEREFORE, Plaintiff, WILLIAM T. DOCKERY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Medicredit to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

55. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

56. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

57. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

58. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

59. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

60. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

61. Plaintiff initiated on online dispute with Experian, wherein he notified Experian of the erroneous bankruptcy notation.

62. Yet, Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject debt as discharged through Chapter 13 bankruptcy, when in fact, Plaintiff had never filed bankruptcy and had actually paid off the subject debt.

63. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it

furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

64. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

65. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Medicredit. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Medicredit regarding Plaintiff's dispute that Experian received from Plaintiff.

66. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

67. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

68. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Medicredit that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

69. Experian knew that the inaccurate reporting of the subject debt in Plaintiff's credit files under the Medicredit trade line as discharged through Chapter 13 bankruptcy would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing.

70. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

71. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

72. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

73. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

74. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

75. Experian acted reprehensively and carelessly by reporting and re-reporting Plaintiff as discharged in bankruptcy when Plaintiff had never filed bankruptcy.

76. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

77. As stated above, Plaintiff was severely harmed by Experian's conduct.

WHEREFORE, Plaintiff, WILLIAM T. DOCKERY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

   c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

   d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

   e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

   f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

   g. Award any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**</u>
(AGAINST MEDICREDIT)

78. Plaintiff repeats and realleges paragraphs 1 through 77 as though fully set forth herein.

79. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

80. Medicredit is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

81. Medicredit identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

82. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   **a. Violations of FDCPA § 1692e**

83. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

84. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

85. Medicredit violated §1692e, e(8), and e(10) when it communicated patently false and damaging information to Experian that the subject debt was discharged in bankruptcy. Medicredit even agreed to remove the subject debt from Plaintiff's credit file once Plaintiff made payment. In spite of Plaintiff paying the subject debt in full, Medicredit continued to report false information to Experian, including the alarming notation of a bankruptcy discharge, when Plaintiff had never filed bankruptcy. Nevertheless, despite multiple notices, Medicredit continued to willfully communicate false credit information to Experian.

WHEREFORE, Plaintiff, WILLIAM T. DOCKERY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Medicredit from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
(AGAINST ROCKWALL)

86. Plaintiff restates and realleges paragraphs 1 through 85 as though fully set forth herein.

87. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

88. Rockwall is a "creditor" and a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(3) and (6).

89. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

90. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(a)(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

91. Rockwall violated the above referenced portions of the TDCA through its complete mishandling of the subject debt. Rockwall negligently failed to bill Plaintiff's insurance providers and deceptively failed to provide Plaintiff with notice of the subject debt. Plaintiff did not realize that he even had a purported obligation on the subject debt until years later, when Medicredit began collecting upon the same. But-for Rockwall's mismanagement of the subject debt, Plaintiff would not have undergone the actual and emotional harm that was caused by the erroneous bankruptcy notation on his credit report.

92. In addition, Rockwall used Medicredit's services to collect upon the subject debt, despite the fact that Plaintiff did not have an obligation on the same, as his insurance providers were never billed. Rockwall intentionally set forth a false amount and employed the services of a debt

15

collector in an attempt to induce Plaintiff into making a payment. Moreover, Rockwall falsely informed Medicredit that the subject debt was incurred in December 2017, when Plaintiff never received treatment from Rockwall during that period.

WHEREFORE, Plaintiff, WILLIAM T. DOCKERY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 13, 2019

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com